IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**KAYLA S.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-198**   (Fam. Ct. Wyoming Cnty. Case No. FC-55-2023-D-178)

**PRESTON S.,**
**Respondent Below, Respondent**

**and**

**WEST VIRGINIA DEPARTMENT**
**OF HUMAN SERVICES, BUREAU FOR**
**CHILD SUPPORT ENFORCEMENT,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Kayla S.[1] ("Mother") appeals the Family Court of Wyoming County's April 17, 2025, Contempt, Modification, and Relocation Order. The issue on appeal is whether the family court erred in denying Mother's petition for relocation and setting child support at $600 per month. Respondent Preston S. ("Father") did not participate in this appeal. Respondent West Virginia Department of Human Services, Bureau for Child Support Enforcement ("BCSE") filed a response solely regarding the child support issue.[2] Mother did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating the family court's decision, in part, and remanding the matter for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is represented by Jason D. Harwood, Esq. BCSE is represented by Jennifer K. Akers, Esq.

1

Mother and Father share two minor children and were divorced by final order entered March 13, 2024. That order adopted a joint parenting plan that stated that the child support obligation was set at $0 per month by agreement of the parties. The parenting plan simply stated, "[w]e have agreed to make it civil and when either parent wants children they can have them no certain agreement needed."

On February 28, 2025, Mother filed a petition for contempt. In her petition, Mother stated that Father refused to take Mother's name off of the title to property awarded to Father in the divorce and refused to let Mother retrieve her furniture from the home.[3] The petition also requested that child support and custody be "fixed." Also on February 28, 2025, Mother filed a petition for modification, asking the family court to provide set days for Father to exercise his parenting time. On the same date, Mother filed a petition and notice of relocation, which indicated that she proposed to relocate on May 1, 2025, for significant health reasons and to protect herself and the children from significant risk of harm. Mother also stated that the relocation was closer to her job and chemotherapy appointments.

A consolidated hearing was held on the pending petitions on April 16, 2025. At the hearing, the family court inquired as to whether the parties had reached an agreement to which Mother responded, "kind of and kind of not." The family court then inquired about Mother's relocation to which Mother responded that she would be moving thirty to forty minutes away, but it would require the children to change schools. Mother testified that she worked and received cancer treatments in Charleston, West Virginia, and was attempting to relocate to be closer to work and treatment. She also testified that she found potential housing closer to Charleston that would allow her eventually to own a home. Father responded that he did not agree to the relocation and expressed concern that such a move was too far away if something were to happen. The family court stated from the bench that it was going to order child support pursuant to the child support guidelines but then stated that it was going to order child support in the amount of $600 per month to cover Mother's rent.

Following the hearing, the family court entered the order on appeal. In that order, the family court found that Mother sought to relocate from a location eighty-eight miles from Charleston to a location that is fifty-seven miles from Charleston, resulting in a difference of thirty-one miles.[4] The family court then quoted heavily from West Virginia Code § 48-9-403 before summarily concluding that "[t]he Court finds under WVC 48-9-

---

[3] Per the final order of divorce, Father was awarded the marital domicile and a 2022 Dodge Ram vehicle. However, Mother did not specify in her petition what property was still titled in her name.

[4] Mother requested to relocate from Pineville, West Virginia to Logan, West Virginia.

403, [Mother's] relocation would substantially impair [Father's] ability to exercise the 50-50 Custodial Responsibility from the Final Divorce Order and [Mother] bears the burden of proof in a relocation case." The family court then quoted from West Virginia Code § 48-11-403 [sic] before summarily concluding:

> The Court finds under WVC 48-11-403 [sic] the Petitioner, [Mother], fails, even though the relocation is for a legitimate purpose of medical treatment, as a result of
>
> 1. The parenting plan cannot be revised to accommodate the relocation and maintain the same proportion of custodial responsibility being exercised by [Father].
> 2. [Father] exercises more than 30% of custodial responsibility.
> 3. [Mother] does not have significant family or other support network.
> 4. The children or another household member are not in risk of significant harm; and
> 5. The move would be disruptive of [Father]'s relationship with his children.

The order requires Father to pay child support to Mother in the amount of $600 per month. The order also provides a more detailed parenting plan that deviates from 50-50 and made several other rulings that are not at issue in this appeal.

 For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother's first two assignments of error assert that the family court erred by indicating that Mother and Father reached an agreement. However, there is nothing in the family court's order, or the record, that indicates that the order on appeal is the result of an agreement by Mother and Father. Accordingly, Mother's first two assignments of error are without merit.

Mother next asserts that the family court erred by denying her relocation pursuant to West Virginia Code § 48-9-403. We find some merit in Mother's argument. While the family court's order intends to cite West Virginia Code § 48-9-403, it summarily concludes that Mother's relocation would substantially impair Father's ability to exercise 50-50 custodial responsibility as a basis for denying the petition.[5] It appears from the statutory language quoted in the order that the family court applied, at least in part, a previous version of West Virginia Code § 48-9-403.[6] However, West Virginia Code § 48-9-403 (2021) was revised in 2021 and is applicable to this matter. We have previously held that the revised relocation statute makes clear that the relocating parent has the burden of proving three things: "(A) [t]he reasons for the proposed relocation are legitimate and made in good faith"; "(B) that allowing relocation of the relocating parent with the child is in the best interests of the child as defined in § 48-9-102 of this code"; and "(C) there is no reasonable alternative, other than the proposed relocation, available to the relocating parent that would be in the child's best interests and less disruptive to the child." *Katherine A. v. Jerry A.*, 248 W. Va. 672, 679, 889 S.E.2d 754, 761 (Ct. App. 2023). The family court's order fails to expressly address the three factors outlined in *Katherine A.*[7] The Supreme Court of Appeals of West Virginia has remanded insufficient orders, finding that:

> to properly review an order of a family court, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard—i.e. making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Province*, 196 W. Va. at 483, 473 S.E.2d at 904.

---

[5] If relocation is granted, the family court is required to "minimize impairment to a parent-child relationship." W. Va. Code § 48-9-403(d)(6) (2021). West Virginia Code § 48-9-403(d)(6) (2021) is not a specific factor to be considered in deciding to grant relocation independent of the best interest of the child factors set forth in West Virginia Code § 48-9-102.

[6] West Virginia Code § 48-11-403 (1999) was recodified to West Virginia Code § 48-9-403 (2001). Prior to the 2021 amendments, the relocation statute placed an emphasis on the parent who exercised a "significant majority of the custodial responsibility." *See* W. Va. Code 48-11-403 (1999).

[7] The family court's order does state that Mother's proposed relocation is for a legitimate purpose but fails to address the other applicable factors.

4

*Collisi v. Collisi*, 231 W. Va. 359, 363-64, 745 S.E.2d 250, 254-55 (2013).

Accordingly, we vacate the family court's denial of Mother's relocation and remand this matter to the family court with directions to issue a new order that applies the current version of West Virginia Code § 48-9-403 (2021), as discussed by this Court in *Katherine A.*, and contains sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review of this issue.[8]

Lastly, Mother and BCSE assert that the family court erred by deviating from the child support guidelines without justifying such a deviation. We agree. The child support "guidelines must be applied to all actions in which child support is being determined[.]" W. Va. Code § 48-13-701 (2001). However,

> [i]f the court finds that the guidelines are inappropriate in a specific case, the court may either disregard the guidelines or adjust the guidelines-based award to accommodate the needs of the child or children or the circumstances of the parent or parents. In either case, the reason for the deviation and the amount of the calculated guidelines award must be stated on the record (preferably in writing on the worksheet or in the order). Such findings clarify the basis of the order if appealed or modified in the future.

W. Va. Code § 48-13-702(a) (2001). While the family court indicated during the hearing that it would calculate child support using the child support formula, the family court made no findings regarding the parties' incomes and, as noted by the BCSE, the court neither mentioned the formula in its order nor attached a formula worksheet to the order. Further, the family court did not explain how it arrived at the $600 per month child support obligation or why it deviated from the child support guidelines. Accordingly, we vacate the family court's child support award and remand for the entry of a new order that properly applies the child support guidelines, includes the requirements set forth in West Virginia Code §§ 48-13-101 to -902, explains the basis for deviation from the guidelines, if any, and contains sufficient findings of fact and conclusions of law necessary to facilitate meaningful appellate review.

Based on the foregoing, we vacate the family court's denial of Mother's petition for relocation and award of child support and remand the matter for further proceedings consistent with this decision. We further order that the April 17, 2025, Contempt, Modification, and Relocation Order shall be converted to a temporary order pending further resolution of the matter on remand to the family court. The Clerk of this Court is hereby directed to issue the mandate contemporaneously herewith.

Vacated, in part, and Remanded, with Directions.

---

[8] The result on remand may or may not be the same as in the April 17, 2025, order.

5

**ISSUED:**  December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White